# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MCGIP, LLC | ) | |
| | ) | CASE NO.: 10 C 7675 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: William J. Hibbler |
| | ) | Magistrate Judge: |
| DOE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, by and through its attorneys and for its First Amended Complaint against Defendant, avers as follows:

## INTRODUCTION

1. This action has been filed by Plaintiff to combat the willful and intentional infringement of its exclusive rights in certain copyrighted creative works and includes a civil claim for copyright infringement. Plaintiff has been the exclusive licensee of the right to reproduce and distribute the copyrighted creative works at the subject of this action at the time of Defendant's infringements. Defendant, whose name Plaintiff expects to ascertain during discovery, illegally reproduced and distributed the copyrighted creative works via the BitTorrent protocol, in direct infringement of Plaintiff's exclusive rights and upon information and belief continues to do the same.

2. Plaintiff seeks a permanent injunction, damages, costs and attorneys' fees to the extent authorized by the Copyright Act.

## THE PARTIES

3. Plaintiff, MCGIP, LLC ("MCGIP") is a limited liability company organized and existing under the laws of the State of Minnesota, with its principal place of business located in Minneapolis, MN. During all times relevant to this action, Plaintiff has been the exclusive licensee of the right to reproduce and distribute the copyrighted creative works at issue in this Complaint.

4. Defendant's actual name is unknown to Plaintiff. Instead, Defendant is known to Plaintiff only by one or more Internet Protocol addresses (hereinafter "IP address"). An IP address is a number that is assigned to devices, such as computers, that are connected to the Internet. In the course of monitoring Internet-based infringement of its exclusive rights, Plaintiff's agents observed infringing activity in connection with each of the IP addresses listed on <u>Exhibit A</u> hereto. Plaintiff believes that the Defendant's true identity will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to state his identity, if necessary. Further, Plaintiff believes that the information gathered in discovery will allow Plaintiff to identify additional Defendants.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked under 17 U.S.C. §§ 101-1332 as the Plaintiff's cause of action arises under the Copyright Act; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). Although the true identity of Defendant is unknown to Plaintiff at this time, on information and belief Defendant resides in this District and a substantial part of the acts of infringement complained of herein occurred in this District.

7. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the Plaintiff, exclusive rights owner, distributed and offered to distribute via the BitTorrent protocol copyrighted works for which Plaintiff has certain exclusive rights. Such unlawful distribution was intentionally directed into this District and caused harm in this District. In addition, on information and belief, Defendant resides in this District and has contracted with one or more Internet Service Providers located in this jurisdiction.

## BACKGROUND

8. BitTorrent is a modern method ("protocol") for distributing data via the Internet.

9. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. Under such protocols, a central server can become overburdened and the rate of data transmission can slow considerably or cease altogether when large numbers of users request data from the server all at once. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data directly to one another. Under the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

11. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The aggregate group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A

computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

12. The BitTorrent protocol operates as follows. First, a user locates a file (a "torrent" file) that contains background information about the file the user wishes to download along with a list of trackers that maintain a list of peers in the swarm that is distributing that particular file. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the trackers listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm.

13. Recent advances in the BitTorrent protocol have reduced the importance of trackers. The introduction of distributed hash tables allows participating peers to serve as "mini-trackers". The peer-exchange protocol allows peers to share information about other peers in the swarm, which was previously an exclusive function of trackers.

14. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as users are allowed to download and distribute under the cover of his IP addresses.

15. The BitTorrent protocol is an extremely popular method for transferring data. Studies have estimated that the BitTorrent protocol accounts for as much as half of all Internet traffic in certain parts of the world. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in

the United States and several countries around the world. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, e-books, photographs, software and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

16. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from efficient anti-piracy measures.

## INFRINGING CONDUCT

17. On information and belief, Defendant, without Plaintiff's authorization or license, intentionally downloaded torrent files, purposefully loaded the torrent files into BitTorrent clients, entered a BitTorrent swarm particular to the copyrighted creative works listed in Exhibit A and covered by Plaintiff's exclusive license and reproduced and distributed the same via the BitTorrent Protocol to the IP addresses listed in Exhibit A and hundreds of others.

## COUNT I – COPYRIGHT INFRINGEMENT – ALL DEFENDANT

18. Plaintiff incorporates by reference allegations 1 through 17 above as if set forth fully herein.

19. At all times relevant hereto, Plaintiff has been the exclusive licensee of the right to reproduce and distribute the works copied, reproduced and distributed by Defendant via the BitTorrent protocol. A log of the IP addresses associated with the infringing conduct observed by

Plaintiff, including Defendant's conduct, the corresponding torrent file/copyrighted works which were being reproduced and distributed and the date and time of the activity is attached hereto as Exhibit A.

20.    Defendant committed his infringing acts with the actual and constructive knowledge of Plaintiff's exclusive rights and the rights of the underlying copyright holder. Defendant's acts have contributed to the infringing, copying, duplication and reproduction of the copyright creative works relevant to this action and the infringing of Plaintiff's exclusive license. Each act by Defendant that infringes on one of Plaintiff's exclusive rights is the basis for a separate claim against the Defendant under the Copyright Act.

21.    Defendant has never been authorized by Plaintiff to reproduce or distribute via the BitTorrent protocols the copyrighted creative works subject to Plaintiff's license.

22.    Each of the creative works at issue in this action has been registered with the United States Copyright Office or has a valid application for registration pending in the United States Copyright Office.

23.    Each of the works at issue in this matter is marked as a copyrighted work and contains a watermark bearing the copyright holder's mark and/or is available only to members of the underlying copyright holder's website, which contains copyright marks.

24.    Without authorization or consent, Defendant copied, reproduced and distributed some or all of the copyrighted works described on Exhibit A hereto via the BitTorrent protocol in direct violation of Plaintiff's exclusive license with respect to those works. Plaintiff is informed and believes that Defendant participated and continues to participate in a BitTorrent swarm to reproduce and distribute to the public the copyrighted content. By so doing, Defendant has

infringed on Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

25. Defendant knew or had constructive knowledge that his acts constituted copyright infringement.

26. Defendant's conduct was willful within the meaning of the Copyright Act, intentional and with indifference to the rights of Plaintiff.

27. Upon information and belief, the Defendant's acts as alleged are willful infringements or have irreparably harmed the Plaintiff's exclusive rights and threaten further infringements and further irreparable harm to the Plaintiff's exclusive rights. Further harm and injury to Plaintiff is imminent, and Plaintiff is without an adequate remedy at law with respect to such harm and injury. Unless less Defendant's acts are enjoined, it is highly likely that Defendant will continue to reproduce and distribute the copyrighted creative works and infringe on Plaintiff's exclusive license.

28. As a result of his wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to the Copyright Act.

## JURY DEMAND

29. Plaintiff hereby demands a jury trial in this case.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

1) That the Court enter a judgment against Defendant that they have infringed Plaintiff's rights in federally protected copyrights under 17 U.S.C. § 501 and that such infringement was willful;

2) That the Court issue injunctive relief against Defendant, and that Defendant and all others in active concert with Defendant, be enjoined and restrained from further violation of Plaintiff's copyrights and required to destroy all copies of those copyrighted files in Defendant's possession custody, or control;

3) For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

4) For Plaintiff's costs;

5) For Plaintiff's reasonable attorneys' fees; and

6) For such other and further relief as the Court deems appropriate.

Respectfully submitted,

MCGIP, LLC

**DATED:** December 17, 2010

By: /s/ John Steele
John Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-880-9160; Fax 312-893-5677
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*